ELIZABETH RAPPOLD, as Administratrix, etc., of CHRISTOPHER RAPPOLD, Deceased, Respondent, v. EMPIRE MILK TRUCKING COMPANY, INC., Appellant.— Appeal from a judgment of the Supreme Court, Rensselaer county, entered on a verdict of a jury in favor of plaintiff for the sum of $7,500 in an action for negligence; also appeal from order denying defendant's motion to set aside the verdict for a new trial. Plaintiff's decedent was proceeding northerly on State Highway No. 9-J, leading from Castleton to Rensselaer, on the morning of January 7, 1935. The road was very slippery, and while going down the hill the car was struck on its right side by the front of a milk truck, pushed backward up the hill for about forty feet, the steering mechanism of the milk truck was disabled so that the milk truck went to the right down a steep bank, decedent's car was left standing crosswise of the road and decedent was killed. The original complaint set forth that while proceeding down the hill decedent's car was forced off the road and into the ditch by one of defendant's milk trucks, proceeding southerly on the wrong or easterly side of the road, by reason of which deceased lost control of the car, passing to the westerly side of the highway where a second milk truck owned by defendant, negligently operated, ran into the automobile of deceased, causing said accident and death. Upon the trial plaintiff's proof failed to identify the truck which, proceeding south, crowded the deceased from the road. The jury could have found, however, that defendant's truck, which was following the unidentified truck, struck decedent's car while it was on the east side of the road, the left wheels of decedent's car being about a foot and a half east from the center; that the defendant's said truck was over the center of the road, on its wrong side, and that this caused the accident. At the close of plaintiff's case the court, on plaintiff's motion, directed that the complaint be amended to conform to the proof. To this the defendant's counsel objected, but stated that the amendment would not cause him to procure other witnesses and that the affirmative defense would not be altered," but the cross-examination of the plaintiff's witnesses during the time they had these several conflicting theories — the cross-examination was completely lost." The defendant says it was prejudiced by the action of the court in permitting the amendment of the complaint. The ruling of the court did not constitute an abuse of its discretion. Judgment and order affirmed, with costs. Rhodes, McNamee and Heffernan, JJ., concur; Hill, P. J., and Crapser, J., dissent and vote to reverse the judgment and order, and for a new trial.